UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SARAH MARIE WATERS,<br><br>Defendant. | NO. 2:16-CR-0036-TOR-6<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT are Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. ECF No. 599. The Government filed its response in opposition. ECF No. 602. Defendant filed her reply. ECF Nos. 603, 604. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

On January 31, 2017, Defendant Sarah Maire Waters appeared before the

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

1 Court and entered a plea of guilty to Count One of the Second Superseding
2 Indictment filed on June 21, 2016, charging her with Conspiracy to Possess with
3 the Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a
4 Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841 and
5 846. ECF Nos. 288, 289. On May 2, 2017, this Court sentenced Defendant to a
6 180-month term of imprisonment, followed by a 5-year term of supervised release,
7 and a $100.00 special penalty assessment. ECF No. 334. Defendant was
8 remanded to the custody of the United States Marshal to begin service of her
9 sentence. *Id*. at 2. According to the Bureau of Prisons, Defendant is currently
10 scheduled for release on March 6, 2029.

11     In September 2020, Defendant filed a request for sentence reduction with the
12 warder of the facility where she is incarcerated, FCI Dublin. ECF No. 599 at 17,
13 28-30. Defendant claims her request went unanswered. The Government provided
14 the warden's denial dated December 9, 2020 (more than 30 days subsequent to the
15 request and after the instant motion was filed). ECF No. 602-1.

16     On December 18, 2020, Defendant filed the instant Motion for
17 Compassionate Release. ECF No. 599. Defendant requests the Court to reduce
18 her sentence to time-served. *Id*. at 26. She explains that extraordinary and
19 compelling reasons support such reduction, including that: she is fully and
20 unconditionally rehabilitated; she has conducted herself as a model inmate and

1  demonstrated exceptional character; she was erroneously sentenced for 45
2  kilograms of methamphetamine; she is needed to provide care to family members;
3  and she will be a productive member of society and not a danger to others.
4      The Government opposes release because extraordinary and compelling
5  reasons are not present, the First Step Act has not changed the legal landscape to
6  sentencing here, she has not fully rehabilitated, her family circumstances do not
7  justify release, and she remains a danger to the community.  ECF No. 602.

8                               **DISCUSSION**

9  **A.  Eligibility for Compassionate Release**

10     Federal courts have the statutory authority to modify an imposed term of
11 imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1)
12 or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).
13 Until recently, motions for compassionate release could only be brought to the
14 Court by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A) (2002).
15 However, after the December 2018 passage of the First Step Act, defendants may
16 now bring their own motions for compassionate release after exhausting
17 administrative remedies within the Bureau of Prisons or by waiting 30 days after
18 receipt of their request by the warden of defendant's facility, whichever is earlier.
19 18 U.S.C. § 3582(c)(1)(A) (2018).
20     A defendant may be eligible for compassionate release: (1) if the Court finds

"extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community.  18 U.S.C. § 3582(c)(1)(A).  Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13.  "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-

LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1. Here, Defendant's motion will be analyzed under the catch-all provision, "other reasons" that are "extraordinary and compelling."

B. Exhaustion or Lapse of 30 days

Defendant appears to have exhausted her administrative remedies and has waited 30 days after submitting her request to the warden of the institution where she is housed. The Government concedes that Defendant has exhausted her administrative remedies. ECF No. 602 at 3. Accordingly, the Court will consider Defendant's administrative remedies exhausted.

**C. Extraordinary and Compelling Reasons**

Defendant, now age 40, argues that extraordinary and compelling reasons justify a reduction in sentence. First, Defendant contends that her rehabilitation—completion of dozens of BOP rehabilitative programs, positive outlook and attitude, and no bad conduct for twenty-four months—constitutes an extraordinary and compelling circumstance for early release. ECF No. 599 at 18-19. Defendant recognizes and the Court finds that rehabilitation alone does not constitute an extraordinary and compelling circumstance. See 28 U.S.C. § 994(t).

Second, Defendant claims that she is a model inmate that is reliable, considerate and trusted, demonstrating integrity and a positive attitude. ECF No. 599 at 19. These claims can be categorized as rehabilitation, which again is not alone an extraordinary and compelling circumstance for release.

Third, Defendant claims that she was erroneously sentenced based on 45 kilograms of methamphetamine and contends the Court can now fix that mistake with the First Step Act and early release. *Id*. at 19-25. The advisory guideline calculation was based on the scope of the conspiracy involving the distribution of over 45 kilograms of methamphetamine. ECF No. 315 at 15. Defendant stipulated and agreed in her plea agreement that she "distributed and materially assisted in the distribution of over 45 kilograms of methamphetamine during the course of her criminal activity related to th[e] Second Superseding Indictment." ECF No. 288 at

15. There is no error as to the amount involved, the factual statement in support of the plea also fully supports Defendant's involvement in this amount. Additionally, the First Step Act (P.L. 115-391) has no applicability to Defendant's case. That Act revised the penalties for certain mandatory minimum sentences, the safety valve, stacking multiple sentences and crack cocaine offenses. It did not revise the penalty for methamphetamine offenses. No relief is warranted here.

Fourth, Defendant claims that her family needs her to provide care to her grandparents. ECF No. 599 at 26. Defendant recognizes that "her father takes care of what is left in the family." *Id*. Defendant has not shown that no one else is capable of caring for her grandparents. The guidelines allow for release to care for a child or spouse when the caregiver or spouse is incapacitated. U.S.S.G. § 1B1.13 cmt. n.1(C). That is not the case here.

In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
 (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
  (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
  (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
 (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement—
 (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
 (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8

(7)  the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At sentencing, Defendant's total offense level was 35 and she had a criminal history category of V. This directed an advisory guideline range of 262 to 327 months of imprisonment. The Court expressly varied from the advisory range to impose a sentence sufficient but not greater than necessary to comply with the purposes and goals of sentencing, specifically considering the Defendant's life-long struggles with her mental health and addiction.

Once again, the Court has fully considered these factors in light of the information Defendant recently provided. Of particular note is the nature and circumstances of the offense in this case. This was not a simple, one-time event, it involved the repeated distribution of a significant quantity of methamphetamine. The Court is obligated to protect the public from defendant's serious and devastating conduct. The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

//

**E. Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

Defendant contends that she will pose no risk or danger to the community. The gravity of Defendant's instant offense and her criminal history tells another story. Despite repeated prior convictions, Defendant continued her criminal conduct. Indeed, this crime was committed while on supervision for false statement to a public servant and third-degree theft. ECF No. 315 at 21.

Defendant's good conduct and successful rehabilitative activities—education courses, classes and work while in prison—are all commendable, but do not alone warrant early release. 28 U.S.C. § 994(t).

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018, ECF No. 599, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** March 1, 2021.



THOMAS O. RICE
United States District Judge